Wesolowski v. Bockelmann

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand thirteen.

PRESENT: DENNIS JACOBS,
 RAYMOND J. LOHIER, JR.,
  **Circuit Judges**,
 JOHN G. KOELTL[*]
  **District Judge**.

- - - - - - - - - - - - - - - - - - - - - - -X

**Amy Negron, FKA Amy O'Bryan,** officer,
 **Plaintiff-Counter-Defendant**,

-v.-                                        12-4611

**Paul Wesolowski**, in his official capacity as a member of the Ulster County Sheriff's Department, and individually,
 **Defendant-Cross-Claimant-
 Counter-Claimant-Appellant**

---

[*] Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

**-v.-**

**Richard J. Bockelmann,** in his official capacity as Sheriff of the County of Ulster and individually

**Defendant-Cross-Defendant-
Appellee**

**Bradford Ebel**, in his official capacity as Superintendent of the Ulster County jail and individually, **Ray Acevedo**, in his official capacity as Deputy Superintendent of the Ulster County Jail and individually, **Ulster County**, **Paul J. Van Blarcum**, in his official capacity as Sheriff of the County of Ulster, and individually

**Defendants-Cross-Defendants**.

- - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen, New York. |
| **FOR APPELLEES:** | MATTHEW J. KELLY, Roemer Wallens Gold & Mineaux LLP, Albany, New York. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Paul Wesolowski appeals a judgment of the United States District Court for the Northern District of New York (Scullin, <u>J.</u>), dismissing his malicious prosecution claim against Richard Bockelmann, former Sheriff of Ulster County. On appeal, Wesolowski challenges the order setting aside the jury verdict in his favor and granting Bockelmann's motion for judgment as a matter of law ("JMOL"). Wesolowski argues that (1) there was sufficient evidence to support the verdict, and (2) Bockelmann failed to move properly for JMOL

2

under Fed. R. Civ. P. 50(a) before the case was submitted to the jury, and thus failed to preserve his right to renew the motion after the verdict.[1]  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The district court's ruling on a post-verdict motion for JMOL under Rule 50(b) is reviewed de novo.  Runner v. N.Y. Stock Exch., Inc., 568 F.3d 383, 386 (2d Cir. 2009).  A Rule 50 motion may be granted only if, "after viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in favor of the non-moving party, [the district court] finds that there is insufficient evidence to support the verdict."  Fabri v. United Techs. Int'l, Inc., 387 F.3d 109, 119 (2d Cir. 2004).

"Claims for ... malicious prosecution, brought under § 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are 'substantially the same' as claims for ... malicious prosecution under state law."  Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003) (citing Conway v. Village of Mount Kisco, 750 F.2d 205, 214 (2d Cir. 1984)).  "Because there are no federal rules of decision for adjudicating § 1983 actions that are based upon claims of malicious prosecution, [courts] are required by 42 U.S.C. § 1988 to turn to state law - in this case, New York state law - for such rules."  Conway, 750 F.2d at 214.

The elements of a malicious prosecution claim in New York are: (1) the defendant initiated a prosecution against the plaintiff, (2) the defendant lacked probable cause to believe the proceeding could succeed, (3) the defendant acted with malice, and (4) the prosecution was terminated in the plaintiff's favor.  Rohman v. N.Y.C. Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000).

**1.**  As the district court concluded, no reasonable juror could have found that Bockelmann initiated Wesolowski's prosecution.  To initiate prosecution, "a defendant must do

---

[1] The district court also granted a new trial under Fed. R. Civ. P. 59 because it found that the jury's verdicts were inconsistent.  On appeal, Wesolowski challenges this finding.  However, it is unnecessary to reach that issue here.

more than report the crime or give testimony.  He must play [] an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." Manganiello v. City of New York, 612 F.3d 149, 163 (2d Cir. 2010) (alteration in original) (internal citations and quotation marks omitted).  According to Lieutenant Ronald Dreiser's unrebutted testimony, Dreiser conducted the investigation and himself referred the charges to the district attorney as a matter of department policy, without asking Bockelmann for permission.  Trial Transcript ("Tr.") at 961.  While Bockelmann approved of Dreiser's actions, see Tr. at 1009, there is no evidence that he directed those actions, played any active role in the investigation of Negron's claims, or encouraged the district attorney to bring the charges.

On that record, no reasonable juror could conclude that Bockelmann initiated Wesolowski's prosecution; so we need not consider whether there was probable cause to refer the charges to the district attorney.

**2.**  Bockelmann sufficiently preserved his right to move for JMOL.  Under Fed. R. Civ. P. 50(b), a non-prevailing party can, post-verdict, renew a Rule 50(a) motion that was made prior to the submission of the case to the jury.  However, because the motion is a "renewal," it must be premised on grounds specified in the earlier motion.  Lore v. City of Syracuse, 670 F.3d 127, 153 (2d Cir. 2012).  The specificity requirement ensures that the opposing party has notice, before the case goes to the jury, of the deficiencies in its case.  Id. at 152 ("The principal purpose of the requirement that any such motion be made before the case is submitted to the jury is to assure the responding party an opportunity to cure any deficiency in that party's proof.") (internal quotation marks omitted).

The specificity requirement, while "obligatory," must nevertheless be viewed "in [] context" in assessing whether the motion was "sufficiently specific to alert the opposing party to the supposed deficiencies in her proof." Galdieri–Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 286-87 (2d Cir. 1998).  Immediately before Bockelmann's motion, Negron moved to dismiss the malicious prosecution claim against her.  The grounds for the Rule 50(a) motion were the insufficiency of the evidence that Negron initiated Wesolowski's prosecution.  See Tr. at 1181 ("Based on the inadequacy of proof with respect to the joint participation

4

or cooperation with the county ... there hasn't been adequate evidence to submit [the malicious prosecution] issue to the jury ...."). Wesolowski's counsel argued in response that under "one reading of the evidence ... Negron ... encouraged the matter to be sent to prosecution ....". Tr. at 1182-83. The court granted Negron's motion. Id. at 1184. Bockelmann's counsel then stated that he wished to "make the *same motion*" to dismiss the malicious prosecution claim against Bockelmann. Id. (emphasis added). The context makes clear that Bockelmann moved on the same grounds as Negron, i.e., that there was insufficient evidence to support a finding that the defendant had initiated the prosecution. Accordingly, the motion meets the specificity requirement of Rule 50(a), and the district court correctly granted Bockelmann's renewed motion for JMOL.

For the foregoing reasons, and finding no merit in Wesolowski's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK